943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Debra MEIKLEHAM, Plaintiff-Appellant,
v.
MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado
Corporation, d/b/a U.S. West Communications and
U.S. West, Inc., a Colorado Corporation,
Defendant-Appellee.
 No. 91-1056.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Debra Meikleham brought this action against her former employer, Mountain States Telephone and Telegraph Company, alleging that the termination of her employment violated the collective bargaining agreement between the employer and the union representing her. Although the union was not named as a defendant, Meikleham also asserted that the union failed to pursue a grievance on her behalf, in violation of its duty of fair representation. The district court granted defendant's motion for summary judgment, concluding that the suit was barred by the applicable six-month statute of limitations. We affirm.
 
 
 3
 The Supreme Court has held that the proper limitation period for hybrid cases is the six-month period set out in section 10(b) of the National Labor Relations Act, 27 U.S.C. § 160(b) (1988). See Del Costello v. International Bhd. of Teamsters, 462 U.S. 151, 154-55 (1983). This period applies to both the employee and the union. Id. at 55. In Lucas v. Mountain States Tel. & Tel., 909 F.2d 419 (10th Cir.1990), we considered what events trigger the running of the six-month time period, and observed that courts "generally have held that the limitation period begins to run when an employee knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the ... alleged violations." Id. at 420-21.
 
 
 4
 In this case, Meikleham chose to sue only her employer, and not the union. If this suit is considered to be in the nature of a hybrid action, Meikleham was required to establish a breach of duty by the union in order to succeed in her claim against the employer. See Del Costello, 462 U.S. at 164-65. Accordingly, under Lucas, Meikleham's six-month period began to run, at the latest, when she knew or should have known of the union's rejection or abandonment of her claim. 909 F.2d at 421.
 
 
 5
 Meikleham was discharged on June 14, 1988. She did not file suit until May 15, 1989. The collective bargaining agreement in this case clearly stated that a written grievance had to be filed within thirty days after the events complained of, and it is undisputed that Meikleham knew of this thirty-day requirement. See App. at 24 (Meikleham depo. at 248). Thus Meikleham knew or should have known of the union's alleged unfair representation when the thirty-day period expired without the filing of a grievance by the union. Even assuming that the six-month period was tolled until July 31, 1988, due to Meikleham's mental condition, her suit would still not be timely.
 
 
 6
 However, the collective bargaining agreement in this case allowed an employee to pursue a grievance directly with the employer by presenting a grievance to the company in accordance with the contract through regular company administrative channels. See App. at 44 (Section 8.7 of collective bargaining agreement). It is therefore arguable that the union's conduct in dealing with Meikleham's grievance is irrelevant to the accrual of her cause of action. Meikleham is nonetheless required to attempt to exhaust any grievance remedies provided in the collective bargaining agreement before she may bring suit against her employer for breach of that agreement. See Del Costello, 462 U.S. at 163. Accordingly, to satisfy her exhaustion obligation by going to the company directly, Meikleham had to present a grievance "in accordance with the contract"--i.e., in writing and within thirty days of the event that is the subject of the grievance. Meikleham relies on a letter she wrote on July 24, 1988. We have examined that letter, and it contains no indication that Meikleham was challenging the grounds for her discharge. Even if we assume that her obligation to exhaust was tolled by her mental condition until July 31, 1988, our careful review of the record in this case reveals no evidence of any written notification from Meikleham to the company within thirty days of July 31, 1988, apprising it of her desire to challenge the fact of her discharge, as opposed to disputing some of the economic results of the discharge. To the extent Meikleham raises an estoppel argument on appeal based on the company's consideration of her untimely complaint, she did not present this argument below. We therefore decline to consider it.
 
 
 7
 Accordingly, Meikleham's suit is barred either because she failed to timely file, or because she did not properly exhaust the remedies provided by the collective bargaining agreement. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3